**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
_____
                              :
GRACE LEE,                    :
                              :   Civil Action No. 09-4837 (JLL)
            Petitioner,       :
                              :
      v.                      :        O P I N I O N
                              :
ATTORNEY GENERAL,             :
                              :
            Respondent.       :
_____:
```

**APPEARANCES:**

Grace Lee, <u>Pro</u> <u>Se</u>
c/o Lou Morgan, POA
28890 8th Avenue, #5D
New York, NY 10039

Sara A. Friedman, Esq.
Office of the Essex County Prosecutor
Essex County Courts Building
Newark, NJ 07102
Attorney for Respondent

**LINARES, District Judge**

Petitioner, Grace Lee, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and later submitted an "all-inclusive" petition (docket entry 14).  Respondent, the Attorney General of New Jersey, has submitted an answer to the petition (docket entry 17), with the available state court record.  Petitioner also filed a response to the answer (docket entry 21).

## BACKGROUND

The record reveals that Petitioner was arrested on July 8, 1992, by a customs officer at Newark Airport. She had arrived on a flight from Jamaica and was found in possession of more than eight pounds of marijuana, which was hidden in her bags. She was indicted in the Superior Court of New Jersey, Essex County, on one count of fourth-degree possession of a controlled dangerous substance, and one count of second-degree possession with intent to distribute marijuana, in violation of New Jersey state law.

Petitioner pled guilty to the second-degree offense only, to be sentenced as a third-degree pursuant to New Jersey law. In January of 1993, she was sentenced to two years probation, conditioned upon serving 364 days in the county jail, along with fines and fees. Prior to sentencing, the state court received the pre-sentence report indicating that Petitioner was born in Jamaica, and had family living there.

Petitioner served six months in the county jail and was released from incarceration. It appears that she violated probation and a bench warrant, which remains an open warrant, was issued for her arrest on November 13, 1995. Petitioner admits in her petition that she did not appeal her judgment of conviction and did not file a post-conviction relief motion (PCR). Petitioner also notes that she was deported 13 years after her sentenced had expired (All-Inclusive Petition, ¶ 12(a)).

2

Petitioner cites three grounds for relief in her all-inclusive petition[1] (docket entry 14, ¶ 12):

1. Ineffective Assistance of Counsel, because Petitioner was not advised by counsel as to the possibility of her being deported.

2. The Court failed to personally advise Petitioner about probation requirements.

3. Counsel failed to discuss in detail the penal consequences of the plea.

Petitioner asks this Court to schedule an evidentiary hearing, stay the warrant for her arrest, order her to return to the United States and appear at said hearing, and for a writ declaring her judgment of conviction erroneous.  (Petition, p. 16).  For the following reasons, the petition must be dismissed.

## DISCUSSION

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time.  See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).  Here, because Petitioner is challenging a state court conviction, her

---

[1]  The petition is missing pages 9 and 10.  Therefore, Ground Three is skipped, and the petition lists the third claim as Ground Four.

action for habeas relief is first considered under 28 U.S.C. §
2254.  Section 2254 provides:

> (a) The Supreme Court, a Justice thereof, a circuit
> judge, or a district court shall entertain an
> application for a writ of habeas corpus in behalf of a
> person **in custody** pursuant to the judgment of a state
> court only on the ground that he is in custody in
> violation of the Constitution or laws or treaties of
> the United States.

28 U.S.C. § 2254(a) (emphasis added).

While the "in custody" requirement is liberally construed
for purposes of habeas corpus, a petitioner must be in custody
under the conviction she is attacking when the petition is filed,
in order for this Court to have jurisdiction.  See Maleng v.
Cook, 490 U.S. 488, 490-92 (1989).  Thus, to the extent that
Petitioner seeks a writ of habeas corpus, this Court lacks
jurisdiction because Petitioner was not "in custody" under the
challenged state conviction at the time she filed her original
petition on September 21, 2009.  See Obado v. New Jersey, 328
F.3d 716, 717-18 (3d Cir. 2003).  Petitioner was sentenced to 364
days in jail, and two years probation, on January 29, 1993, which
would have expired well before her filing of this petition in
2009.

A writ of error coram nobis has traditionally been used to
attack convictions with continuing consequences when the
petitioner is no longer "in custody" for purposes of habeas
review.  See United States v. Baptiste, 223 F.3d 188, 189 (3d

4

Cir. 2000). "In federal courts the authority to grant a writ of coram nobis is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" United States v. Denedo, — U.S.—, 129 S. Ct. 2213, 2221 (2009) (quoting 28 U.S.C. § 1651(a)). Moreover, "[b]ecause coram nobis is but an extraordinary tool to correct a legal or factual error, an application for the writ is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." Id. This Court lacks jurisdiction to issue a writ of coram nobis in this case, however, because "coram nobis is not available in a federal court as a means of attack on a state criminal judgment." Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003); accord Finkelstein v. Spitzer, 455 F.3d 131, 134 (2d Cir. 2006); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992). In other words, the writ of error coram nobis is available in federal court only for those who were convicted in federal court. See 28 U.S.C. 1651(a); Neyor v. I.N.S., 155 F. Supp.2d 127, 136 (D.N.J. 2001). Consequently, the Court cannot construe the petition as one for a writ of error coram nobis. Instead, Petitioner's only course for relief from the collateral consequences of her expired state conviction is to bring a common law writ of error coram nobis, or

a petition for post conviction relief, in the state court where she was convicted.

This Court will accordingly dismiss the petition for lack of jurisdiction.[2]

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue

---

[2]   Despite this Court's procedural ruling, this Court notes that in Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test for analyzing ineffective assistance of counsel claims. Under the first part of the two-part test, Petitioner must show that counsel's performance "fell below an objective standard of reasonableness." Id. at 688. The Supreme Court recently held in Padilla v. Kentucky that failing to advise a client about the immigration consequences of a guilty plea amounts to deficient performance. See --- U.S. ----, 130 S. Ct. 1473, 1478 (2010).

when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.


<u>/s/ Jose L. Linares</u>
JOSE L. LINARES
United States District Judge

Dated: April 18, 2011